J-A26023-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CALVIN M. TAYLOR | : | |
| Appellant | : | No. 528 WDA 2018 |

Appeal from the Judgment of Sentence March 9, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000552-2017

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.: FILED JANUARY 18, 2019

Appellant, Calvin M. Taylor, appeals from the judgment of sentence entered on March 9, 2018, in the Court of Common Pleas of Venango County. Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the procedural history of this case as follows:

On March 5, 2018, [Appellant] entered into a negotiated guilty plea in which the Commonwealth nolle prossed the remaining counts at criminal docket number 557-2017 in exchange for his pleading guilty to Count One-Intimidation of Witnesses or Victims, Count Six-Recklessly Endangering Another

Person, and Count Nine-Obstructing Administration of Law.[1] The Commonwealth recommended a minimum sentence of thirty-six (36) months.

On March 9, 2018, [Appellant] was sentenced at Count One to a term of incarceration of twenty-four (24) months to seventy-two (72) months, at Count Six to a term of incarceration of six (6) to twenty-four (24) months, and at Count Nine to a term of incarceration of six (6) to twenty-four (24) months. [Appellant's] sentences were run consecutively by this [c]ourt, effectively making his aggregate sentence thirty-six (36) to one hundred twenty (120) months.

On March 16, 2018, [Appellant] filed a timely post-sentence motion, which was subsequently denied by this [c]ourt on March 19th of the same year. On April 13, 2018, [Appellant] filed his Notice of Appeal with the Superior Court and thereafter received notice from this [c]ourt directing compliance with Pa. R.A.P. 1925. [Appellant] filed his Concise Statement on May 7, 2018.

Trial Court Opinion, 5/17/18, at 1-2 (internal citations omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 17, 2018. On August 24, 2018, counsel filed a petition to withdraw as appellate counsel and an Anders brief in this Court.[2]

Appellant presents the following issues for our review:

1. Whether the Sentencing Court erred as a matter of law or abused its discretion when the Sentencing Court ordered an excessive sentence.

_____

[1] 18 Pa.C.S. §§ 4952(a)(5), 2705, and 5101, respectively.

[2] We note the record reflects that counsel represented Appellant before the trial court. Counsel had filed a motion to withdraw as counsel with the trial court on May 3, 2018. On May 4, 2018, the trial court issued an order stating the following: "Counsel for [Appellant] is hereby withdrawn privately but is hereby ORDERED by the court to represent [Appellant] as he is currently indigent and has no way to pay for counsel." Order, 5/4/18, at 1.

2. Whether the trial court erred as a matter of law or abused its discretion in denying counsel's request for continuance when counsel was retained a week before jury selection.

Anders Brief at 5.

Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

Id. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the Anders brief and petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in Santiago, which provide that:

> in the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Cartrette, 83 A.3d at 1032 (quoting Santiago, 978 A.2d at 361).

Counsel's brief is compliant with Santiago. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. Anders Brief at 2-9. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. Id. at 7-9. Satisfied that counsel has met the technical requirements of Anders and Santiago, we proceed with our independent review of the record and the issues presented on Appellant's behalf.

The issues raised in the Anders brief present challenges to the discretionary aspect of Appellant's sentence and the trial court's failure to grant a continuance. Anders Brief at 5-9. As noted, Appellant entered a guilty plea in this matter. "Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." Commonwealth v. Monjaras-Amaya, 163 A.3d 466, 468 (Pa.

Super. 2017) (citing Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa. Super. 2008)).

As this Court has explained:

> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (knowing and voluntary guilty plea waives privilege against self-incrimination, right to jury trial, and right to confront one's accusers). Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein. See, e.g., Peretz v. United States, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (stating "The most basic rights of criminal defendants are … subject to waiver"); Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (stating sixth amendment right to counsel may be waived).

Commonwealth v. Lincoln, 72 A.3d 606, 609 (Pa. Super. 2013) (some internal citations omitted).

Herein, Appellant's claims do not challenge the court's jurisdiction. Furthermore, Appellant's stated issues do not pertain to the legality of his sentence[3] or the validity of his plea. Thus, Appellant waived these claims by pleading guilty. Monjaras-Amaya, 163 A.3d at 468.

_____

[3] Appellant's claim regarding his sentence as developed in his Anders brief challenges the discretionary aspect of his sentence. To the extent that Appellant's claim could be construed as a challenge to the legality of his

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Commonwealth v. Harden, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2019

---

sentence, we conclude that such claim is meritless because the sentences imposed do not exceed the statutory maximums. See 18 Pa.C.S. § 1103(3) (the statutory maximum for a felony of the third degree is seven years); and 18 Pa.C.S. § 1104(2) (the statutory maximum for a misdemeanor of the second degree is two years).