J-S16016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYSON RYAN HALL | : | |
| | : | |
| Appellant | : | No. 925 MDA 2018 |

Appeal from the Order Dated May 14, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000279-2014

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 12, 2019**

Bryson Ryan Hall (Appellant) appeals from the judgment of sentence imposed following revocation of his probation. Upon review, we affirm.

The trial court recounted the factual and procedural background as follows:

> On October 21, 2013, Officer Christopher McKibben of the Muncy Township Police Department charged [Appellant] with one count of possession of a controlled substance ([m]arijuana), an ungraded misdemeanor, one count of possession of drug paraphernalia, an ungraded misdemeanor, and two counts of endangering the welfare of a child, (one being a felony of the third degree for course of conduct and the other a misdemeanor of the first degree). The charges arose from allegations that [Appellant's] eight-year-old daughter reported being present when her father purchased marijuana and when he used drugs. The police seized drug paraphernalia at [Appellant's] home, where his daughter resided fifty percent of the time. . . .
>
> On August 26, 2014, upon motion of the Commonwealth, the [trial court] amended the information to add Count 5, [c]orruption of [m]inors, a misdemeanor one offense. On that

same date, [Appellant] entered a guilty plea to Count 5, [c]orruption of [m]inors, and upon motion by the Commonwealth, the [trial court] dismissed the remaining counts. The guilty plea colloquy form noted that [Appellant's] prior record score was a 3, the offense gravity score for corruption of minors was 4, and the standard range sentence was 3 to 14 months, with the mitigated range being minus 3 months. Pursuant to the plea agreement, the [trial court] sentenced [Appellant] to a mitigated range sentence of probation for three years, with no early release, and required that he undergo a drug and alcohol assessment and that he comply with all recommendations arising from that assessment.

On May 11, 2016, [Appellant's] urine tested positive for cocaine. As a result, [Appellant] was detained for 48 hours and directed to West Branch Drug and Alcohol Services for an evaluation. [Appellant's] urine tested positive for cocaine again on April 26, 2017. In addition, "[Appellant] tampered with the urine by dipping the cup into the toilet." [N.T., 5/14/18, at 8-9]. [Appellant] ultimately admitted that he used cocaine. The drug patch test results were positive for cocaine on eleven occasions, ten positive over a period from May 2017 through August 2017 and one positive in October 2017. On July 13, 2017, [Appellant] appeared before the [trial court] for a preliminary probation violation. The [trial court] determined the matter was contested and [scheduled] a probation violation hearing.

[Appellant's] urine tested negative on July 18, 201[7]. [Appellant] requested alternative testing on other occasions but probation declined to perform urine or hair drug tests for [Appellant] at his request.

On October 26, 2017, at the time of the probation violation hearing, [Appellant] objected to the laboratory expert testifying by telephone. As a result, the [trial court] continued the probation hearing to allow the Commonwealth to fly in an expert from out of state. On November 9, 2017, [Appellant] filed a motion for a *Frye* [*v. United States*, 293 F. 1013 (D.C. Cir. 1923)] hearing to determine whether drug patch testing is generally accepted in the field of toxicology. On December 1, 2017, the Commonwealth filed a motion for telephonic testimony of its lab expert and an expert on the non-novelty of sweat patch technology. After subsequent filings, rulings and continuances, the matter came before the [trial court] for a *Frye* hearing on April 9, 201[8]. After

the *Frye* hearing, the [trial court] concluded that the testimony of Dr. Kadehijan established that the sweat patch technology satisfied the standards of the *Frye* test. That ruling has not been challenged on appeal. A contested hearing on the probation violation was scheduled and held on May 14, 2018 before the [trial court].

Trial Court Opinion, 8/29/18, at 2-5 (footnotes and some citations omitted).

At the conclusion of the May 14, 2018 hearing, the trial court found that Appellant had violated his probation "by repeated cocaine uses," revoked Appellant's probation, and re-sentenced him to a term of 1 to 3 years of incarceration. Order, 5/14/18. Appellant filed a motion for reconsideration on May 24, 2018, which the trial court denied on May 30, 2018. On June 7, 2018, Appellant filed a notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

1. WHETHER THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM OF INCARCERATION OF NOT LESS THAN 12 MONTHS NOR MORE THAN 36 MONTHS TOTAL CONFINEMENT IN A STATE CORRECTIONAL INSTITUTION WHEN THE EVIDENCE FAILED TO SHOW THAT APPELLANT HAD BEEN CONVICTED OF ANOTHER CRIME; OR THE CONDUCT OF APPELLANT INDICATED IT IS LIKELY HE WOULD COMMIT ANOTHER CRIME IF NOT IMPRISONED; OR A SENTENCE OF TOTAL CONFINEMENT WAS ESSENTIAL TO VINDICATE THE AUTHORITY OF THE COURT IN VIOLATION OF 42 Pa.C.S.A. § 9771(c)?

Appellant's Brief at 4.

Appellant argues that the trial court failed to comply with 42 Pa.C.S.A. § 9771(c), which provides that a court shall not impose a sentence of total confinement upon revocation unless it finds (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that

it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa. C.S.A. § 9771(c).[1]

"This Court has noted that a trial court's alleged lack of adherence to [Section] 9771(c) implicates the discretionary aspects of sentence." *Commonwealth v. Schutzues*, 54 A.3d 86, 90 (Pa. Super. 2012) (citing cases). However, the "right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013). "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary

---

[1] The Commonwealth has not filed an appellate brief; by correspondence to this Court dated February 13, 2019, the Commonwealth stated that it would not be filing a brief and "will rely upon the Opinion and Order of the lower court."

aspect of a sentence is waived." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted).

Here, Appellant timely filed his appeal and his brief includes a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 7-9. However, our review reveals that Appellant failed to preserve his discretionary claim either at sentencing or in his post-sentence motion for reconsideration. ***See*** N.T., 5/14/18, at 92-93; Appellant's Motion for Reconsideration, 5/24/18 (requesting that the court reconsider its finding that Appellant violated his probation because "the evidence does meet the threshold of a preponderance of the evidence or in the alternative sentencing [Appellant] to a county sentence with work release."). We recognize that Appellant, in his requested relief, sought "in the alternative," a lesser sentence. However, in the body of his motion for reconsideration, Appellant did not mention Section 9771(c), let alone argue, that the trial court erred by imposing a sentence that was in contravention of the statute.

It is well-settled that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa. Super. 2011). Although Appellant in this case raised his discretionary sentence claim in his Pa.R.A.P. 1925(b) concise statement, we have held that "a party cannot rectify the

J-S16016-19

failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (citation and emphasis omitted). ***See also Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (failure to preserve an issue "is not cured by submitting the challenge in a Rule 1925(b) statement.") (citation omitted).

Finally, we note that even in the absence of waiver, and assuming *arguendo* that Appellant presented a substantial question, the record supports the trial court's observation that Appellant's sentence of confinement was imposed to vindicate the authority of the court, consistent with 42 Pa. C.S.A. § 9771(c)(3). The trial court opined that confinement was appropriate "in view of [Appellant's] repeated violations of his probationary sentence and lack of any sort of recognition or remorse for his behavior." Trial Court Opinion, 8/29/18, at 10. The court explained:

> [Appellant] initially received a lenient sentence in the mitigation range when he received probation as part of a plea agreement where three charges were dismissed, including a felony of the third degree for child endangerment. As a condition of this agreement, [Appellant] was to refrain from illegal drug [use] and to provide an environment for his daughter and family that is free of the specter of illegal drugs and unlawful conduct. Nonetheless, even after facing a felony charge that had been dismissed, [Appellant] tested positive for cocaine on numerous occasions while under supervision. [Appellant] attempted to dilute a sample he knew would be positive to avoid responsibility and accountability for his actions. This [c]ourt's sentence is required to vindicate the [c]ourt's authority and hold [Appellant] accountable for his conduct.

***Id.*** at 10-11.

For the above reasons, Appellant's sentencing claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/12/2019</u>