J-S29006-17

2017 PA Super 152

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STIVEN A. MONJARAS-AMAYA | |
| Appellant | No. 3065 EDA 2016 |

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001085-2016

*****

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STIVEN A. MONJARAS-AMAYA | |
| Appellant | No. 3066 EDA 2016 |

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002738-2016

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.: **FILED May 19, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Stiven A. Monjaras-Amaya appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County. After our review, we affirm.

On January 7, 2016, Monjaras-Amaya was charged with resisting arrest,[1] loitering and prowling at nighttime,[2] use/possession of drug paraphernalia,[3] and purchase of alcoholic beverage by a minor.[4] Monjaras-Amaya waived his preliminary hearing, and the charges were bound over for trial under docket CP-09-CR-0001085-2016.

On March 23, 2016, Monjaras-Amaya was arrested for driving under the influence (DUI) and related offenses. He waived his preliminary hearing, and these charges[5] were bound over for trial at docket number CP-09-CR-0002738-2016.

---

[1] 18 Pa.C.S.A. § 5104.

[2] 18 Pa.C.S.A. § 5506.

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 6308(a).

[5] DUI-highest rate of alcohol (BAC .16+), 75 Pa.C.S.A. § 3802(c); DUI-controlled substance-Schedule 1, 75 Pa.C.S.A. § 3802(d)(1)(i); DUI-controlled substance-metabolite, 75 Pa.C.S.A. § 3802(d)(1)(iii); DUI-controlled substance-combination alcohol/drugs, 75 Pa.C.S.A. § 3802(d)(3); accident causing damage to unattended vehicle or property, 75 Pa.C.S.A. § 3745(a); reckless driving, 75 Pa.C.S.A. § 3736(a); careless driving, 75 Pa.C.S.A. § 3714(a); driving at unsafe speed, 75 Pa.C.S.A. § 3361; purchase of alcohol beverage by minor, 18 Pa.C.S.A. § 6308; and public drunkenness, 18 Pa.C.S.A. § 5505.

Pursuant to a plea agreement, the Commonwealth *nolle prossed* the resisting arrest charge on docket CP-09-CR-0001085-2016. On August 25, 2016, Monjaras-Amaya appeared before the Honorable Wallace H. Bateman, Jr., and entered a plea of guilty to all of the remaining charges on both dockets. Prior to entering his plea, Monjaras-Amaya reviewed a written colloquy with his attorney, and he initialed and signed it.

Following entry of his guilty plea, the court sentenced Monjaras-Amaya to 72 hours to 6 months' incarceration, a $1,000 fine, and a concurrent term of 12 months' probation. No post-sentence motions were filed. Monjaras-Amaya filed timely notices of appeal on both dockets,[6] as well as a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises two issues for our review:

1. Whether [Monjaras-Amaya's] acknowledgement of the risk of collateral immigration consequences made his guilty plea "knowing" and "voluntary" even while his guilty plea indicated profound confusion?

2. Whether Pennsylvania's warnings of possible immigration consequences are sufficient to meet the requirements of **Padilla v. Kentucky**, 559 U.S. 356 (2010)?

Appellant's Brief, at 5.

Monjaras-Amaya argues that the trial court erred in accepting his guilty plea because the colloquy indicated that he was not apprised of the

---

[6] This Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.

immigration consequences.[7] He also argues that Pennsylvania's "approach to immigration consequences warnings" does not meet the federal standard articulated in *Padilla*.

Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise[ ] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002). *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In *D'Collanfield*, we held appellant's issue challenging his guilty plea was waived since it was not raised at the colloquy, at the sentencing hearing, or through post-sentence motions. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either

_____

[7] The trial court states that as of December 14, 2016, Immigration and Customs Enforcement (ICE) had detained Monjaras-Amaya while awaiting the start of his deportation case.

object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted). Moreover, "*[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order*." ***Commonwealth v. Kohan***, 825 A.2d 702, 706 (Pa. Super. 2003) (emphasis added) (citations omitted). ***See also Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006) (same); ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (same).

The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. ***See Commonwealth v. Roberts***, 352 A.2d 140, 141 (Pa. Super. 1975) (attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal;". . . "strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Here, Monjaras-Amaya failed to either raise this challenge during his plea colloquy or file a post-sentence motion seeking to withdraw his plea. Rather, for the first time after filing his notice of appeal, Monjaras-Amaya argues that his guilty plea was invalid. Although Monjaras-Amaya raised the

claim in his Rule 1925(b) statement, the trial court, at that point, is without jurisdiction and cannot grant relief. *See* Pa.R.A.P. 1701 ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.").

The record reveals that Monjaras-Amaya never challenged his guilty plea in the trial court before raising it in his Rule 1925(b) statement. Accordingly, this issue is waived.[8]   *Watson*, *supra*.

Judgment of sentence affirmed.[9]

_____

[8] The trial court incorrectly states that although no post-sentence motion was filed, Monjaras-Amaya "preserved this issue for appeal after he filed a timely notice of appeal[.]" Trial Court Opinion, 12/9/16, at 6.  We recognize that, despite the absence of a post-sentence motion, the trial court chose to address Monjaras-Amaya's claim in its opinion filed pursuant to Pa.R.A.P. 1925(a). That the trial court chose to do so in no way alters the result. *See Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1287–89 (Pa. Super. 2004) (en banc) (trial court's decision to address issue in its reply to defendant's statement of issues complained of on appeal did not preserve issue for appellate review).  We note, too, that the Commonwealth raised the issue of waiver in its counter-statement of the questions presented. *See* Commonwealth's Brief, at 1.

[9] Although not raised in his issues on appeal, we acknowledge Monjaras-Amaya's argument in his brief that counsel was ineffective in failing to explain the risk of deportation to him.  This issue is properly brought in a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (as general rule, petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review);  *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013).  Such claims are within the purview of the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii), (iii); *see also Commonwealth v. Descardes*, 136 A.3d 493, 501–02 (Pa. 2016) (stating it is well established that appellant's claim

*(Footnote Continued Next Page)*

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/19/2017</u>

---

*(Footnote Continued)* ————————

of ineffective assistance of plea counsel based upon counsel's failure to advise him of collateral consequences of plea, was cognizable under PCRA).