J-S26012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC WILLIAM | : | |
| | : | |
| Appellant | : | No. 997 EDA 2018 |

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003947-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED AUGUST 27, 2019**

Eric William appeals from the judgment of sentence imposed following his guilty plea conviction of attempted murder. Appellant's counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 21, 2016, Appellant, who was incarcerated while awaiting trial in a murder case, hid in his victim's cell. When the victim entered the cell, Appellant left his hiding place, locked the door, and attacked the victim stating: "I'm going to kill you like I killed your son."[1] N.T. Guilty Plea Hearing,

---

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant was in jail awaiting trial for murdering the victim's stepson. Since then, he was convicted of first-degree murder in the matter and sentenced to a mandatory life sentence without parole. **See** Docket No. CP-51-CR-0008144-2015.

3/05/18, at 34. Appellant stabbed his victim multiple times in the face, neck, and testicles, causing him to lose consciousness and ultimately spend several days in the hospital because of the injuries. ***See id.*** at 34-35.

On March 5, 2018, Appellant entered a negotiated guilty plea to attempted murder. In accordance with the plea, the Commonwealth *nolle prossed* all other pending charges associated with the incident. On the same day Appellant entered his plea, the trial court sentenced him, consistent with the plea agreement, to a term of not less than ten nor more than twenty years of imprisonment, to run concurrently to the mandatory life sentence he was currently serving for murder. Appellant did not file post-sentence motions. This timely appeal followed.

On October 10, 2018, in response to the trial court's concise statement order, counsel filed a statement of intent to file an ***Anders*** brief. The trial court entered a Rule 1925(a) statement on December 4, 2018. ***See*** Pa.R.A.P. 1925(a). On January 4, 2019, counsel filed his petition for leave to withdraw and ***Anders*** brief on the basis that the appeal is wholly frivolous. Appellant has not responded.

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant

and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted; brackets in original). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, 978 A.2d at 360.

Here, counsel's *Anders* brief and motion to withdraw substantially comply with the applicable technical requirements and demonstrate that he "has made a conscientious examination of the record in this case and has determined that an appeal would be frivolous." *Lilley*, *supra* at 997. The record establishes that counsel served Appellant with a copy of the *Anders* brief and motion to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel, or to proceed *pro se* and raise additional issues to this Court. *See* Motion to Withdraw as Counsel, 1/04/19. Further, the motion and brief cite "to anything that arguably might support the appeal[.]" *Lilley*, 978 A.2d at 997 (citation omitted); *see also Anders* Brief, at 8-12. Accordingly, we conclude that counsel complied with *Anders*' technical requirements. *See Lilley*, 978 A.2d at 997.

Having concluded that counsel's petition and brief substantially comply with the technical Anders requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to

whether the appeal is, in fact, wholly frivolous." *Id.* at 998 (citation and internal quotation marks omitted).

The *Anders* brief raises two questions for our review:[2]

i. [Whether] Appellant was coerced into taking a plea by the trial court[?]

ii. [Whether t]he trial court erred by failing to allow Appellant to have substitute appointed counsel because the existing attorney-client relationship had failed[?]

*Anders* Brief, at 8, 10.

In the first issue set forth in the *Anders* brief, Appellant argues that he is entitled to relief because the trial court coerced him into pleading guilty. We disagree.

Preliminarily, we observe that "[i]n order to preserve an issue related to a guilty plea, an appellant must either object at the sentencing colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations and internal quotation marks omitted). Failure to challenge the voluntariness of a guilty plea by objecting at sentencing or raising the issue through a post-sentence motion results in waiver. *See id.* at 469.

_____

[2] Appellant's statement of questions presented only poses one question, "whether there are any issues of arguable merit that could be raised on appeal presently before this court and whether the appeal is wholly frivolous?" *Anders* Brief, at 4. However, the argument portion of his brief includes two specific issues raised. For clarity, we have set forth those questions here.

Here, the record reveals that Appellant never challenged his guilty plea in the trial court. Accordingly, Appellant's first issue is waived.

In the second issue raised in the **Anders** brief, Appellant contends that the trial court erred by failing to appoint new counsel after Appellant alleged the attorney-client relationship had failed. **See Anders** Brief, at 10. We disagree.

While Appellant is entitled to appointed counsel, he is not entitled to appointed counsel of his choosing. **See Commonwealth v. Cook**, 952 A.2d 594, 617 (Pa. 2008). Thus,

> [w]hether to grant a defendant's petition to replace court appointed counsel is a decision which is left to the sound discretion of the trial court. As a general rule, however, a defendant must show irreconcilable differences between himself and his court appointed counsel before a trial court will be reversed for abuse of discretion in refusing to appoint new counsel.

**Commonwealth v. Floyd**, 937 A.2d 494, 497 (Pa. Super. 2007) (citations omitted; brackets in original).

Here, during the guilty plea hearing, the court addressed Appellant's motion to substitute counsel. Appellant explained that he was dissatisfied with counsel's representation because he did not receive full discovery and did not adequately discuss defense strategy. Appellant characterized the relationship as "eroding" and "[not] a good relationship." N.T., at 22.

The trial court informed Appellant that if that were true he would not accept the plea. Counsel then stated that he represented Appellant during the unrelated murder trial, talked about this incident extensively during the

trial, and went over photographs, videos, and other discovery. The court then explained that it did not hear anything indicating that counsel was not prepared, so it denied the motion to substitute counsel. *See id.* at 28. Finally, the trial court again asked Appellant whether he was satisfied with counsel's representation, to which Appellant responded "Yes." *Id.* at 29.

Upon review, we conclude that because Appellant did not show irreconcilable differences between himself and counsel, the trial court did not abuse its discretion in denying Appellant's motion to substitute counsel. *See Floyd*, 937 A.2d at 497. Thus, the second issue does not merit relief.

After independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is wholly frivolous. *See Lilley*, 978 A.2d at 998. Therefore, we grant counsel leave to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/19