J-S49026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DARYL BALKIM WILLIAMS | : | |
| Appellant | : | No. 433 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 9, 2016
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002407-2015

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                 **FILED FEBRUARY 09, 2021**

Appellant, Daryl Balkim Williams, appeals from the Judgment of Sentence, entered November 9, 2016, after this Court reinstated his direct appeal rights.  ***See Commonwealth v. Williams***, 58 WDA 2019, at \*3 (Pa. Super. filed March 9, 2020).  Appellant seeks to withdraw his negotiated guilty plea to two counts of Aggravated Assault.[1]  After careful review, we conclude that Appellant has not preserved this claim for appeal.  Thus, we affirm.

On November 9, 2016, Appellant pleaded guilty to the charges set forth above, which arose from a shooting incident involving two victims.  In exchange for his plea, the Commonwealth agreed to *nolle pros* numerous

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1), (4).

charges[2] and to recommend a sentence of seven and one-half to fifteen years of incarceration. Following a lengthy plea colloquy, the trial court accepted Appellant's plea and imposed the recommended sentence the same day.

On November 30, 2016, Appellant filed an untimely Post-Sentence Motion seeking to withdraw his plea. On January 6, 2017, following a hearing, the trial court denied Appellant's Post-Sentence Motion.

Appellant did not appeal from the Judgment of Sentence. However, following an appeal from protracted collateral proceedings[3], this Court reinstated Appellant's direct appeal rights. **Williams**, 58 WDA 2019, at *3.

In this timely appeal, Appellant asserts that the trial court abused its discretion when it did not permit him to withdraw his guilty plea.[4] Appellant's Br. at 4.

Preliminarily, we must determine whether Appellant has preserved this claim. "In order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v.**

---

[2] The Commonwealth agreed to *nolle pros* the following charges: two counts of Criminal Attempt (Homicide), two counts of Aggravated Assault, two counts of Recklessly Endangering Another Person, and one count each of Receiving Stolen Property and Person Not to Possess Firearm. 18 Pa.C.S. §§ 901(a), 2702(a)(1) and (4), 2705, 3925(a), and 6105(a)(1), respectively.

[3] **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

*Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (internal punctuation and citation omitted).

A defendant must file a post-sentence motion challenging his guilty plea within ten days of sentencing. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720). Failure to do so results in waiver. *Monjaras-Amaya*, 163 A.3d at 469; *Lincoln*, 72 A.3d at 610; *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." *Monjaras-Amaya*, 163 A.3d at 469 (punctuation and emphasis removed; citations omitted).

Here, Appellant filed his Post-Sentence Motion twenty-one days after sentencing. Accordingly, he did not preserve his challenge in a timely Post-Sentence Motion. Appellant, thus, waived any challenge to the validity of his guilty plea on direct appeal.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2021

- 3 -