J-S10045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDRICK DANIEL BIICHLE | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 16, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001249-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 01, 2021**

Fredrick Daniel Biichle (Biichle) appeals *nunc pro tunc* from the judgment of sentence imposed by the Court of Common Pleas of Lycoming County (trial court) following his entry of a negotiated guilty plea to one count of Driving Under the Influence of Alcohol (DUI).[1]  Biichle challenges the discretionary aspects of his sentence.  We affirm.

**I.**

**A.**

On May 25, 2018, Biichle drove his friend's motorcycle after drinking alcohol.  He did not have a valid drivers' license at the time.  Biichle lost control

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b) (high rate of alcohol).

of the motorcycle and hit a telephone pole. He was ejected from the motorcycle and landed in a field across the road. A blood draw obtained pursuant to a warrant indicated that he had a blood alcohol content (BAC) of .165. At the time of the accident, Biichle had been released temporarily in connection with a Bradford County DUI offense for a state intermediate punishment evaluation.

**B.**

On May 29, 2019, Biichle entered a negotiated guilty plea to the DUI charge and related summary traffic offenses. The plea agreement provided for imposition of a sentence of not less than two nor more than five years' incarceration. On September 16, 2019, the trial court held a sentencing hearing at which it noted that it had reviewed the pre-sentence investigation report (PSI) detailing Biichle's extensive history of DUI offenses. The court sentenced him in accordance with the plea agreement to a term of not less than two nor more than five years' incarceration and directed that the sentence run consecutively to the sentence he was then serving for the Bradford County DUI. Biichle did not immediately file a direct appeal.

Biichle then successfully obtained reinstatement of his post-sentence and direct appeal rights *nunc pro tunc* on June 8, 2020, through filing a Post-Conviction Relief Act (PCRA) petition.[2] He filed a post-sentence motion

---

[2] 42 Pa.C.S. §§ 9541-9546.

challenging the consecutive nature of his sentence, which the trial court denied. Biichle timely appealed and he and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).

## II.

## A.

Biichle claims the trial court abused its discretion and imposed a manifestly excessive sentence by running the Lycoming County sentence consecutively to instead of concurrently with the Bradford County DUI sentence.[3] Biichle contends that a concurrent sentence was appropriate given that he did not injure anyone during his motorcycle accident. Biichle also points to a number of mitigating factors in support of his argument, including his goal of rehabilitation, the support of his family members and his need to care for his aging mother.

As noted, Biichle's challenge to the imposition of a consecutive rather than concurrent sentence is a challenge to the discretionary aspects of his sentence. However, when a defendant enters a plea of guilty, he waives his

_____

[3] Sentencing is a matter vested in the sound discretion of the trial court and we review for an abuse of discretion. **See Commonwealth v. Rivera**, 238 A.3d 482, 498 (Pa. Super. 2020). We note that challenges to the discretionary aspects of sentencing are not automatically reviewable as of right, and the appellant must demonstrate that certain prerequisites have been met, specifically, he must file a timely notice of appeal; properly preserve the issue in the trial court; include a Pa.R.A.P. 2119(f) statement in his brief; and raise a substantial question that the sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Clary**, 226 A.3d 571, 579 (Pa. Super. 2020).

right to raise on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. *See Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017).

In this case, Biichle entered a negotiated guilty plea with an agreed-upon term of incarceration of not less than two nor more than five years and the trial court sentenced him accordingly. Therefore, he waived his right to raise his discretionary sentencing claim.

**B.**

Moreover, Biichle's contention would not merit relief. The applicable statutory provision concerning sentencing, 42 Pa.C.S. § 9721, affords the trial court broad discretion to impose its sentence concurrently with or consecutive to other sentences that are contemporaneously imposed or to sentences already imposed. *See* 42 Pa.C.S. § 9721(a)(4) (providing that, in determining the sentence to be imposed, the court shall consider various sentencing alternatives, including total confinement "and may impose them consecutively or concurrently.").

With regard to Biichle's reliance on various mitigating factors, the trial court had the benefit of a PSI. We then must "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rosario*, 2021 WL 1096679, at *10 (Pa. Super. 2021) (citation omitted).

Additionally, the trial court gave a detailed explanation for the sentence, stating:

> . . . I've considered the presentence report, your prison report, and the arguments of counsel, as well as what you had to say. I have to basically address three things. The first is your rehabilitative needs. Obviously, you have a horrible alcohol problem that's lasted for thirty years. You've been unable to control yourself except for short periods of time, so the need for rehabilitation is critical. . . . You're getting older now, so that's somewhat to your advantage. Your motivation might be a little greater, but its somewhat disconcerting that despite the many different times that you had outpatient treatment available to you it hasn't worked. . . .
>
> The next thing I have to consider is the seriousness of the offense. Eight DUIs is a lot of DUIs. . . . Any of these could have resulted in personal injury, death to someone. . . . I have to look protecting the public, and . . . I think that's what I have to weigh the most. Because to be honest with you, nothing else has worked. . . . I'm not going to give you a concurrent sentence for committing your seventh and eighth DUI. The public has to be protected.

(N.T. Sentencing, 9/16/19, at 12-14).

After review of the record, we conclude that even if Biichle had not waived his sentencing claim, it would not merit relief. The trial court did not abuse its discretion by imposing its sentence consecutive to that imposed in Bradford County, where Biichle repeatedly committed the same dangerous offense despite numerous court interventions. The trial court considered all relevant mitigating factors and properly exercised its judgment in imposing a consecutive sentence for his eighth DUI offense.

Judgment of sentence affirmed.

Judge Murray joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/01/2021