J-S14019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAQWAN MILTEN SAUNDERS | : | |
| | : | |
| Appellant | : | No. 1480 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001591-2019

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 09, 2021**

Appellant, Jaqwan Milten Saunders, appeals from the Judgment of Sentence entered after he pleaded guilty to Possession with Intent to Distribute ("PWID") and Driving Under Suspension ("DUS"). Appellant assails the trial court's Order refusing to suppress certain evidence. After careful review, we affirm.

On February 16, 2019, Reading Police Officers Timothy Morris and Hector Marinez arrested Appellant after they found drugs in his vehicle and on his person. On May 15, 2019, Appellant filed a pretrial Motion seeking to, *inter alia*, suppress evidence derived from this arrest. The court held a hearing on June 25, 2019. The court denied the Motion on August 12, 2019. Appellant sought reconsideration on September 11, 2019, which the court denied on September 23, 2019.

On October 15, 2020, Appellant entered a negotiated guilty plea to PWID and DUS. The court sentenced him to 12 to 36 months' incarceration. Appellant did not file post-sentence Motions. He timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether an appellate court can review the denial of a motion for suppression after the Appellant has plead guilty?

2. Whether the trial court erred in denying Appellant's omnibus pre-trial motion to suppress the evidence discovered where Appellant's consent was coerced, the search of the vehicle was illegal, the search incident to arrest and strip search of Appellant was illegal, and the arrest was unlawful?

Appellant's Br. at 11.

In this appeal, Appellant seeks to relitigate the trial court's denial of his suppression motion. **See id.** at 22-38. He recognizes, however, that well-established Pennsylvania case law bars such a challenge after the defendant has pleaded guilty. **Id.** at 20. **See Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) (an appellant waives right to challenge on direct appeal all non-jurisdictional defects except legality of sentence and validity of the plea); **Commonwealth v. Perel**, 107 A.3d 185, 197 n.14 (Pa. Super. 2014) (concluding that appellant waived challenge to court order denying suppression motion by pleading guilty). Based on this case law, in its Rule 1925(a) Opinion, the trial court found that Appellant waived his challenge to the suppression court's ruling. Trial Ct. Op., 1/11/21, at 2.

To circumvent waiver, for the first time on appeal, Appellant argues that "[w]hen improperly obtained physical evidence is the primary motivation for a guilty plea, [the appellant] may challenge non-jurisdictional defect[s]." Appellant's Br. at 20. We do not reach the merits of Appellant's argument, however, because he waived it by failing to raise it in the court below.

It is well-settled that, in order to preserve an issue related to a guilty plea, an appellant must either object at the plea colloquy, raise the issue at the sentencing hearing, or raise the issue through a post-sentence motion. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017). *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

The waiver rule allows the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. *See Commonwealth v. Roberts*, 352 A.2d 140, 141 (Pa. Super. 1975) (attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver).

Here, Appellant failed to raise this challenge during his plea colloquy, sentencing, or in a post-sentence Motion seeking to withdraw his plea. Rather, for the first time after filing his notice of appeal, Appellant argues that his guilty plea was invalid. Accordingly, this issue is waived.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2021