J-S11012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                     :  PENNSYLVANIA
                                     :
               v.                    :
                                     :
                                   :
CHRISTOPHER ROBERT KELLER    :
                                   :
            Appellant       :   No. 1757 EDA 2022

Appeal from the Judgment of Sentence Entered June 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000406-2022

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:             **FILED JUNE 30, 2023**

Appellant, Christopher Robert Keller, appeals from the June 7, 2022 judgment of sentence entered in the Court of Common Pleas of Lehigh County that imposed a sentence of 2 years' probation with 120 days to be served on house arrest with electronic monitoring after Appellant pleaded guilty to driving under the influence of alcohol or a controlled substance ("DUI") – second offense (a first-degree misdemeanor).[1]  As part of his sentence, the trial court ordered Appellant to pay a fine in the amount of $1,500.00 and the costs of prosecution.  We affirm.

The trial court summarized the factual history as follows:

> On September 18, 2021, at [] 3:25 p.m., [Officer] Alexie T. Santiago of the South Whitehall Police Department [("Officer Santiago")] was conducting traffic enforcement at the intersection

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

of Hamilton Boulevard and Lincoln Avenue in Allentown, Lehigh County, Pennsylvania. [As part of the enforcement operations, Officer Santiago stopped Appellant's motor vehicle] for an expired registration. Appellant was operating the vehicle [at the time of the stop].

After stopping his vehicle, Appellant exited and began approaching another parked vehicle with two children in the back [seat of the vehicle]. Officer Santiago requested that Appellant walk towards him or return to his vehicle based on the fact that [Officer Santiago] did not know whether Appellant had [a] relationship to the children in the other vehicle. Appellant continued approach[ing] the second vehicle, prompting Officer Santiago to attempt to physically restrain him. Several bystanders [assisted] Officer Santiago. Based on his experience and training, Officer Santiago believed Appellant was under the influence of narcotics. A subsequent blood draw conducted at 5:40 p.m. at Lehigh County Central Booking revealed the presence of [Tetrahydrocannabinol ("THC")] in Appellant's system.

Trial Court Opinion, 9/16/22, at 2-3.

Appellant was charged with the aforementioned crime, as well as DUI – impaired ability - second offense (a first-degree misdemeanor), resisting arrest or other law enforcement (a second-degree misdemeanor), disorderly conduct – hazardous or physically offensive condition (a third-degree misdemeanor), registration and certificate of title required – driving unregistered vehicle (a summary offense), and operation of vehicle without official certificate of inspection (a summary offense).[2] On June 7, 2022, Appellant pleaded guilty, pursuant to a negotiated plea agreement, to one count of DUI – second offense (a first-degree misdemeanor) under

_____

[2] 75 Pa.C.S.A. § 3802(d)(2), as well as 18 Pa.C.S.A. §§ 5104 and 5503(a)(4), and 75 Pa.C.S.A. §§ 1301(a) and 4703(a), respectively.

Section 3802(d)(1)(i).[3]  That same day, the trial court sentenced Appellant to 2 years' probation, with 120 days to be served on house arrest with electronic monitoring, and ordered Appellant to pay a $1,500.00 fine and the costs of prosecution.  This appeal followed.[4]

Appellant raises the following issues for our review:

1.    Was [] Appellant prejudiced when the trial court accepted Appellant's guilty plea as being knowingly, intelligently, and voluntarily tendered?

2.    Was trial counsel ineffective by failing to fully explain the consequences, both direct and collateral, of the proposed plea, prior to [Appellant's entry of a guilty plea] before the trial court?

Appellant's Brief at 2.[5]

_____

[3] In accordance with the negotiated plea agreement, the Commonwealth withdrew the remaining criminal charges on June 7, 2022.

At the plea hearing, Appellant was represented by Paul Bender, Esquire ("Attorney Bender").

[4] On June 27, 2022, Charles E. Dutko, Jr., Esquire ("Attorney Dutko") entered his appearance as counsel for Appellant.

Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] We note that Appellant's brief fails to conform to Pennsylvania Rule of Appellate Procedure 2119.  Rule 2119 requires the argument section of an appellant's brief to be "divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctively displayed - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

In his first issue, Appellant challenges the validity of his guilty plea as unknowingly, unintelligently, and involuntarily tendered on the ground that he was not aware, when he entered the plea, that his driver's license would be suspended as a result of his conviction. Appellant's Brief at 7-9. For the reasons discussed herein, we find Appellant failed to raise this issue with the trial court and cannot raise it for the first time on direct appeal. As such, we find Appellant waived this issue.

Appellant filed his notice of appeal on July 6, 2022. That same day, Appellant filed a request for the production of a transcript of his plea hearing and sentencing hearing, both of which occurred on June 7, 2022. Request for

_____

Here, Appellant raises two issues for our review. The argument section of Appellant's brief, however, does not contain two distinct sections setting forth the issue presented and the argument in support thereof, with citation to pertinent portions of the record or authorities. Instead, Appellant's argument section contains a single argument, without a heading of the particular point treated therein, in support of his first issue. A review of the argument section does not reveal an argument in support of his second issue.

The failure to conform to the Pennsylvania Rules of Appellate Procedure with regard to the format and content of an appellate brief, including Rule 2119, may result in waiver or dismissal of an appellant's issues if the defects in the brief are substantial and prevent this Court from conducting a meaningful review. *See* Pa.R.A.P. 2101 (stating, "Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed"); *see also Commonwealth v. Adams*, 882 A.2d 496, 497-498 (Pa. Super. 2005). Nonetheless, in the case *sub judice*, we decline to find waiver of Appellant's issues or dismiss the appeal on the basis of Appellant's failure to conform to the Pennsylvania Rules of Appellate Procedure with regard to the format and content of his brief.

Transcript, 7/6/22, (requesting a transcript of the "entire proceeding"). On July 19, 2022, the trial court denied Appellant's request for the production of a transcript. Trial Court Order, 7/19/22. In its order denying the request, the trial court informed the parties that

> The transcript is unavailable due to a technical error which caused approximately [one] hour of the proceedings from the date of June 7, 2022[,] to be recorded without [] audio from which a transcript could be produced. [Appellant's case] was one of several which [were] handled during the time of the recording outage.

*Id.* at Footnote 1.

On August 1, 2022, the trial court directed Appellant, pursuant to Pennsylvania Rule of Appellate Procedure 1923, "to prepare a statement of the evidence in absence of a transcript and [] serve a copy of said statement on the Commonwealth within [20] days of the date of this Order."[6] Trial Court Order, 8/1/22. The trial court provided the Commonwealth with 10 days,

---

[6] Rule 1923 states as follows:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his[, or her,] recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the [trial] court for settlement and approval and as settled and approved shall be included by the clerk of the [trial] court in the record on appeal.

Pa.R.A.P. 1923.

upon receipt of Appellant's statement, to submit any objections or proposed amendments.

Appellant filed his proposed statement in absence of a transcript on August 22, 2022. The Commonwealth subsequently filed its response to Appellant's statement on September 13, 2022.[7] On September 14, 2022, the trial court, upon review of Appellant's proposed statement in absence of a transcript and the Commonwealth's response thereto, directed the clerk of courts for the Court of Common Pleas of Lehigh County to include the following statement of evidence and proceedings as part of the certified record:

### Statement of Evidence and Proceedings

Upon review of Appellant's statement in absence of a transcript and the Commonwealth's response thereto, and upon consideration of the Commonwealth's objections, the following statement is hereby approved as a statement of evidence and proceedings in the within matter:

1. On June 7, 2022, [Appellant] entered a negotiated guilty plea to Count 1 DUI controlled substance – 2nd offense pursuant to 75 Pa.C.S.A. § 3802(d)(1)(i).

2. [Appellant] was represented by [Attorney Bender.]

3. On that date, [Appellant] was sentenced to 2 years of probation by the [trial court] with 120 days to be served on house arrest with electronic monitoring beginning June 7, 2022.

---

[7] The trial court granted the Commonwealth an extension in which to file its response. Trial Court Order, 9/14/22, (granting the Commonwealth an extension of time in which to file a response "by the close of business on September 24, 2022").

4. In accordance with the plea, all other counts were withdrawn by the Commonwealth.

5. At the time of the plea, [Appellant] submitted a written guilty plea colloquy and a post[-]sentence rights form, both of which he executed [and] both of which were made part of the official court file.

6. The [trial] court reviewed both forms with [Appellant] in open court.

7. The Commonwealth presented its version of the underlying facts and [Appellant] conceded those facts were accurate in tendering his guilty plea.

8. [Appellant] answered the questions posed by the [trial] court in reviewing both forms truthfully and to the best of his ability.

9. There was [no] discussion on the record at the time of [Appellant's] plea concerning any loss of [Appellant's] driver's license which could or would result from his plea.

Trial Court Order, 9/14/22, at 2-3 (unpaginated) (extraneous capitalization and record citation omitted).

It is well-established that

Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008). In order to preserve an issue related to a guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002)[; **see also**] Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); [] Pa.R.A.P. 302(a) ([stating,] "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

*Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-469 (Pa. Super. 2017) (original brackets omitted).

Based upon a review of the certified record currently before us, Appellant did not challenge the validity of his guilty plea during his guilty plea colloquy, at the sentencing hearing, or in a post-sentence motion. *See* Trial Court Order (Statement of Evidence and Proceedings), 9/14/22; *see also* Trial Court Docket; Appellant's Brief at 7 (conceding that Appellant did not file a post-sentence motion); Appellant's Statement in Absence of Transcript, 8/22/22 (failing to set forth averments that Appellant raised a challenge to his guilty plea with the trial court); Commonwealth's Response to Appellant's Statement in Absence of Transcript, 9/13/22. Because Appellant did not raise a challenge to the validity of his guilty plea with the trial court, and he is not permitted to do so for the first time on appeal, we find Appellant waived his first issue.[8] *Monjaras-Amaya*, 163 A.3d at 468-469; *see also* Pa.R.A.P. 302(a).

Appellant's second issue raises a claim that trial counsel provided ineffective assistance during his guilty plea hearing on the ground that trial

_____

[8] In his brief, Appellant invites this Court, without citation to authority, to find that his first issue is not waived for failure to raise the issue with the trial court in a post-sentence motion. Appellant's Brief at 7. Appellant asserts that his issue should not be waived because he "was not made aware of the driver's license suspension, at issue, until he received a notice of suspension from [the] Pennsylvania Department of Transportation[, and the] notice was received after the time to file a post-sentence motion expired." *Id.* at 7-8 (extraneous capitalization omitted). We decline Appellant's invitation. *See* Pa.R.A.P. 302(a).

counsel failed "to fully explain the consequences, both direct and collateral, of the proposed plea[.]" Appellant's Brief at 2.

Our Supreme Court recently reiterated the well-established principle that claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. *Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (stating that, "claims of trial counsel's ineffectiveness . . . are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Appellant's claim of ineffective assistance of trial counsel is premature, and we dismiss this claim without prejudice to raise it in a collateral proceeding.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2023