**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORDELL CHASE | : | |
| | : | |
| Appellant | : | No. 124 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010234-2021

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED AUGUST 29, 2023**

Cordell Chase appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia after Chase pled guilty to possession of a controlled substance.[1] Chase claims his guilty plea was not entered knowingly, voluntarily, and intelligently. However, as Chase failed to preserve the claim in the lower court, we find his claim waived and hereby affirm.

On August 23, 2022, Chase entered a negotiated guilty plea to one count of possessing a controlled substance in exchange for the Commonwealth's withdrawal of a charge for possession with intent to deliver a controlled substance. **See** N.T., Guilty Plea Hearing, 8/23/2022, at 20-21. On December

---

[1] Chase admitted he had possessed three- and one-half grams of marijuana and approximately five grams of cocaine base. **See** N.T., Guilty Plea Hearing, 8/23/2022, at 22.

21, 2022, the trial court sentenced Chase to three years of probation supervised by the drug and alcohol unit of the Philadelphia Adult Probation and Parole Department. Chase did not file a post-sentence motion to withdraw his guilty plea but filed this *pro se* appeal on January 3, 2023. Plea counsel was permitted to withdraw his appearance, and the trial court appointed present counsel to represent Chase on appeal.

In his sole issue on appeal, Chase challenges the validity of his guilty plea by claiming the plea was not made knowingly, voluntarily, and intelligently. However, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). To preserve an issue related to the validity of his guilty plea, Chase was required to "object[ ] at the sentence colloquy or otherwise raise[ ] the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002) (citation omitted). A failure to object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing will result in waiver. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa. Super. 2013). "The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017).

In ***Monjaras-Amaya***, the appellant failed to challenge the validity of his guilty plea during his plea colloquy, nor did he file a post-sentence motion

seeking to withdraw his plea. *See id.* Instead, Monjaras–Amaya raised the claim in his Rule 1925(b) statement, at a point when the trial court was without jurisdiction and could not grant relief. *See id.* This Court concluded Monjaras-Amaya failed to preserve his claim before raising it in his Rule 1925(b) statement and, therefore, the issue was waived. *See id.*

Like in *Monjaras-Amaya*, Chase did not object to the validity of his guilty plea during his plea colloquy. Chase also failed to file a post-sentence motion seeking to withdraw his plea. As such, the trial court was never given the opportunity to correct the alleged errors with the plea. By raising the issue for the first time in his Rule 1925(b), Chase failed to preserve his claim that his guilty plea was not entered knowingly, voluntarily, and intelligently. Therefore, we find the issue waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023