J-S34040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ALLEN QUEENER | : | |
| | : | |
| Appellant | : | No. 315 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 21, 2023
In the Court of Common Pleas of Mercer County
Criminal Division at CP-43-CR-0000145-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ALLEN QUEENER | : | |
| | : | |
| Appellant | : | No. 316 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 21, 2023
In the Court of Common Pleas of Mercer County
Criminal Division at CP-43-CR-0000143-2022

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: October 17, 2023**

Gabriel Allen Queener (Appellant) appeals from the judgments of

sentence imposed after he pled no-contest to aggravated assault[1] at CP-43-

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

CR-0000143-2022 (No. 143-2022), and intimidation of a witness[2] at CP-43-CR-0000145-2022 (No. 145-2022).[3]  We affirm.

Appellant was charged with the above crimes in connection with the shooting of Anthony Ouly (Ouly).  On May 10, 2022, Appellant filed an omnibus pretrial motion at each docket.  At No. 143-2022, Appellant challenged, in part, the validity of a search warrant.  He also included a petition for *habeas corpus* relief, alleging the Commonwealth had failed to present evidence establishing the material elements of aggravated assault. The trial court denied Appellant's *habeas* petition.  Following a hearing, the trial court denied the pretrial motions.  Appellant subsequently filed a motion for reconsideration and reasserted his claims that the search warrant was invalid.

While the motion for reconsideration was pending, Appellant filed a motion to suppress physical evidence.  Appellant claimed he had received additional evidence from the Commonwealth, *i.e.*, gunshot residue test results.  He argued those test results must be suppressed as the result of an illegal arrest.  The trial court denied Appellant's motion for reconsideration. After a hearing on the newly raised suppression issue, the trial court also denied Appellant's motion to suppress.

---

[2] 18 Pa.C.S.A. § 4952(a)(5).

[3] As Appellant only challenges the aggravated assault charge, we limit our discussion of the facts and procedural history accordingly.

Appellant subsequently agreed to enter a no-contest plea. At the plea hearing, the Commonwealth recited the facts it would establish if the aggravated assault case at No. 143-2022 had proceeded to trial:

[T]he Commonwealth would call a number of witnesses, including a number of officers from the Sharon Police Department; the victim at [No. 143-2022], [] Ouly …, as well as members of the Pennsylvania State Police Forensic Service Unit. They would collectively testify that on or about January 1, 2022[,] Sharon Police units were dispatched to 308 Malleable Street in the City of Sharon for a gunshot victim. Upon arriving, they observed … Ouly[] with only one gunshot wound through his right leg. [] Ouly advised that he was riding through the 200 block of Mesabi Street on his bicycle when he observed a dark sedan driving toward him with no headlights. … [A] black male with dreadlocks [] exit[ed] the car. Mr. Ouly continued on. Several seconds later he [] hear[d] gunfire and was struck once in the leg[. Ouly] return[ed] then to 308 Malleable by foot, leaving his bicycle at the scene. Police officers responded to the 200-block of Mesabi Street, and … locat[ed] several nine[-]millimeter casings on the street and sidewalk leading up to the porch and curtilage of 201 Mesabi Street.

[At] the crime scene[,] a tall black male having dreadlocks [] exit[ed] 201 Mesabi Street. The owner [of the house] arrive[d] on scene and indicate[d] an individual by the [n]ame of Gabe was also staying with her. After reviewing some photographs[, law enforcement] identified Gabe as [Appellant]. A search warrant was granted for 201 Mesabi. During the execution of that search warrant, the sole occupant of 201 Mesabi, [Appellant], was located and detained. A Glock 43 nine[-]millimeter handgun was located inside, along with live nine-millimeter ammunition rounds….

…[S]erology, DNA, trace evidence, and ballistic report analysis would demonstrate that [Appellant's] DNA was located on the handle, slide, and magazine of the gun found inside 201 Mesabi Street. Gunshot residue was located on [Appellant's] hands, indicating he had recently been in contact with a gun that had been fired, and the nine[-]millimeter rounds located on the sidewalk, street and curtilage of 201 Mesabi were fired from that

- 3 -

handgun located inside of 201 Mesabi. It also matched the live nine[-]millimeter rounds located inside of 201 Mesabi.

N.T. (No-Contest Plea Hearing), 12/12/22, at 11-13.

Appellant pled no-contest to aggravated assault at No. 143-2022, with a negotiated sentence of 6 to 12 years in prison. At No. 145-2022, Appellant pled no-contest to intimidation of a witness in exchange for a negotiated sentence of 4 to 8 years in prison. The parties agreed the sentences would run concurrently, and concurrently with any other sentences. The parties also agreed Appellant would retain his appellate rights. *See* N.T., 12/12/22, at 7-8; Trial Court Order, 12/12/22 ("The court further notes an agreement between the parties that [Appellant] retains his appellate rights with regard to suppression and related matters." (some capitalization omitted)). The trial court accepted the pleas as knowingly, intelligently, and voluntarily entered. By order entered February 21, 2023, the trial court imposed the negotiated sentences.

Appellant filed a timely *pro se*[4] notice of appeal at each docket, with each notice identifying both docket numbers.[5] This Court consolidated the

_____

[4] Appellant was represented by counsel throughout pretrial and plea proceedings. It is unclear from the record when counsel withdrew from representation. After Appellant filed his *pro se* notices of appeal, the trial court appointed appellate counsel.

[5] Our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018), requires an appellant to file separate notices of appeal from single orders that resolve issues on more than one docket. However, because
*(Footnote Continued Next Page)*

appeals *sua sponte*. Appellant and the trial court have complied with Pa.R.A.P.

1925.

Appellant raises the following issue for review:

> Whether the trial court erred as a matter of law in determining that the record of the … no contest plea hearing established a factual basis for a valid plea to the offense of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), because the plea hearing record contains no facts showing that Appellant acted [] with the necessary criminal *mens rea* and under circumstances manifesting an extreme indifference to the value of human life?

Appellant's Brief at 5 (some capitalization altered).

Appellant asserts the facts recited by the Commonwealth at the plea

hearing did not establish a factual basis for his no-contest plea to aggravated

assault. *See id.* at 12-15. According to Appellant, the Commonwealth did

not offer facts establishing he shot Ouly, or that he did so with the requisite

intent. *Id.* at 14-15.

We first consider whether Appellant preserved this issue for our review.

"[B]y entering a plea of guilty, a defendant waives his right to challenge on

direct appeal all non[-]jurisdictional defects except the legality of the sentence

and the validity of the plea." *Commonwealth v. Monjaras-Amaya*, 163

A.3d 466, 468 (Pa. Super. 2017); *see also Commonwealth v. Jabbie*, 200

---

Appellant's notices of appeal identified both dockets, we decline to quash his appeal. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (where separate notices of appeal are filed at multiple dockets, the inclusion of multiple docket numbers on each notice of appeal does not invalidate the notices of appeal).

A.3d 500, 505 (Pa. Super. 2018) ("[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." (citation and quotation marks omitted)).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (some citations omitted).

During the plea hearing, Appellant confirmed his understanding of the factual summary set forth by the Commonwealth. ***See*** N.T., 12/12/22, at 13. Appellant agreed that based on the proposed evidence, "it's likely a jury would find [him] guilty" of aggravated assault. ***Id.*** Appellant did not object to the factual recitation, nor did he raise any other objection to the validity of his plea. Also, Appellant did not file a post-sentence motion to withdraw his plea. Because Appellant failed to properly preserve his challenge to his no-contest plea, we may not review the merits of his claim. ***See Lincoln***, ***supra***; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[6]

Judgment of sentence affirmed.

---

[6] We also reject any suggestion by Appellant that the issue is preserved in the portion of his plea agreement preserving his appellate rights.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/17/2023