J-S25046-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORY JONATHAN MALAMPY | : | |
| | : | |
| Appellant | : | No. 3124 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-MD-0001039-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:        **FILED OCTOBER 30, 2025**

Appellant, Cory Jonathan Malampy, appeals from the October 11, 2024 judgment of sentence following his conviction for Indirect Criminal Contempt ("ICC") resulting from his violation of a Protection from Abuse ("PFA") order.[1] He raises a challenge to the sufficiency of the evidence. Upon review, we affirm.

Appellant and Heather Malampy ("Victim") are involved in contentious divorce and custody proceedings. On November 30, 2023, the court entered a PFA order by agreement of the parties. In April and May of 2024, police

---

[1] We note that the judgment of sentence order appears in the certified record but does not appear on the docket. Since the order appears in the certified record, our jurisdiction is not impaired by the error. ***See, e.g., Commonwealth v. Carter***, 122 A.3d 388, 392 (Pa. Super. 2015) (exercising jurisdiction despite defects in the entry of order on the docket by treating as done what "ought to have been done"). Nonetheless, we direct the trial court to assure upon remand that the October 11, 2024 judgment of sentence order is entered on the docket.

arrested Appellant for violating the PFA order on three separate occasions, and the Commonwealth subsequently charged Appellant with three counts of ICC. The trial court scheduled each violation for a separate trial on October 11, 2024, to occur successively. After the first two bench trials, where the court found Appellant guilty, Appellant and his counsel consulted, and Appellant decided to plead guilty to the third violation.

Thus, on October 11, 2024, Appellant pled guilty to ICC for attempting to contact Victim through a third party in violation of the PFA order. The trial court accepted Appellant's guilty plea without conducting a colloquy of Appellant as required by Pa.R.Crim.P. 590(A)(3). Appellant did not raise an objection regarding the colloquy. On the same day, the court sentenced Appellant to six months' probation. Appellant did not file any post-sentence motions.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review, "Was the guilty plea of [Appellant] knowingly, voluntarily, and intelligently entered?" Appellant's Br. at 4, 7 (some capitalization omitted). We conclude that Appellant failed to preserve this issue for our review.

When a defendant enters a guilty plea, he waives his right to challenge on appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008). It is axiomatic that "[a] defendant wishing to challenge

the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing" or face waiver. ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013). ***See also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). "Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal." ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Notably, "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (citation omitted; emphasis removed). "Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Lincoln***, 72 A.3d at 610 (citations and internal quotation marks omitted).

Here, Appellant failed to preserve this challenge in the trial court during his guilty plea proceeding or in a timely post-sentence motion. Accordingly, he has waived any challenge to the voluntariness of his plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2025