J-S04022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH GIBISION | : | |
| | : | |
| Appellant | : | No. 1239 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000345-2020

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 16, 2022**

Joseph Gibision (Appellant) appeals from the judgment of sentence imposed after he pled guilty to four counts of robbery, and one count each of burglary, criminal conspiracy, possession of a firearm by a prohibited person, and carrying a firearm on public streets or property in Philadelphia.[1]   Upon review, we affirm.

On January 23, 2020, the Commonwealth filed a 32-count criminal information charging Appellant with numerous offenses related to a June 25, 2019 home invasion involving Appellant and two co-conspirators.[2]   Trial was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1)(i), 903, 6105(a)(1), and 6108.

[2] The criminal information erroneously states the date as June 25, 2016.  **See** Criminal Information, 1/23/20, at 1-9; N.T., 9/22/20, at 22.

scheduled to begin on September 22, 2020. The morning of jury selection, after unsuccessfully litigating a suppression motion, Appellant decided to plead guilty to the above charges. N.T., 9/22/20, at 1-10. In return, the Commonwealth *nolle prossed* the 24 remaining charges. On February 12, 2021, the trial court sentenced Appellant to 5 to 10 years of incarceration.

On February 22, 2021, Appellant filed a motion to withdraw his guilty plea. Appellant claimed, "he believed he would be able to withdraw his plea of guilty within 10 days of sentencing if he had a change of heart and wanted to proceed to trial." Motion to Withdraw Guilty Plea/Modify Sentence, 2/22/21, at 1 (unnumbered). Appellant asserted "he entered his plea of guilty based primarily on the allegations of conspiracy and maintains he was not guilty of some or all of the charges, *e.g.*, the charge of [18 Pa.C.S.A. §] 6105 as he avers he did not possess a firearm." ***Id.***

The trial court denied the motion without a hearing on February 23, 2021. However, "upon request of Counsel for Defense and without objection by the Commonwealth," the trial court vacated its February 23, 2021 order and scheduled a hearing on the motion for May 21, 2021. Trial Court Opinion, 8/26/21, at 1. The record reflects no hearing took place. The docket denotes a May 21, 2021 order denying Appellant's post-sentence motion. That order is not in the certified record. Notwithstanding, Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review: "Did not the [trial] court err in denying the motion to withdraw the guilty plea without a hearing?" Appellant's Brief at 2 (some capitalization omitted).

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). The term discretion,

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted).

There are different standards for reviewing requests to withdraw a guilty plea before and after a sentence is imposed. *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002). Pre-sentence, the court administers its discretion liberally in favor of the accused, and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). In contrast,

post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted).

We presume when an appellant has entered a guilty plea, he was aware of what he was doing; it is his burden to prove the plea was involuntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). Where the record demonstrates the trial court conducted a guilty plea colloquy and the appellant understood the nature of the charges against him, the plea is voluntary. *See id.*

A valid plea colloquy examines:

1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (citation omitted).

Here, the record reflects that Appellant waived his challenge to the voluntariness of his guilty plea. We have explained:

In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise

- 4 -

> [ ] the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002). ***See*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468–69 (Pa. Super. 2017).

The transcript of the sentencing proceedings reveals Appellant did not seek to withdraw or otherwise challenge his guilty plea during sentencing. ***See*** N.T., 2/12/21, at 1-56. While Appellant filed a post-sentence motion to withdraw his guilty plea, he never claimed his plea was unknowing, unintelligent, or involuntary. ***See*** Motion to Withdraw Guilty Plea/Modify Sentence, 2/22/21, at 1 (unnumbered). Rather, Appellant challenged his conviction of possessing a firearm. ***Id.*** ¶ 4. Appellant first challenged the voluntariness of his plea in his Rule 1925(b) statement. ***See*** Statement of Errors Complained of on Appeal, 7/28/21, at 1-2 (unnumbered).

On appeal, Appellant again abandons the claims he raised in his motion to withdraw, and instead argues his guilty plea was not knowing, intelligent, and voluntary because he "was not clearly informed of his rights with respect to his motion to withdraw his guilty plea rights," and was "extremely stressed" at the time he entered the plea. Appellant's Brief at 6. Because Appellant did not challenge the voluntariness of his plea until his Rule 1925(b) statement, he waived the issue. ***See Monjaras-Amaya***, 163 A.3d at 468-69; ***see also Commonwealth v. Baez***, 169 A.3d 35, 41 (Pa. Super. 2017) (finding waiver

where appellant argued issues not raised in his motion to withdraw guilty plea on appeal); ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived); Pa.R.A.P. 302(a).

In any event, Appellant's claim does not merit relief. Appellant's oral and written colloquies both met the standards set forth in ***Morrison***, ***supra***. ***See*** N.T., 9/22/20, at 9-30; Guilty Plea Colloquy, 9/22/20, at 1-4 ***see also Morrison***, 878 A.2d at 107. Appellant indicated on his written colloquy that no one forced or threatened him to plead guilty; he was satisfied with plea counsel; and he entered the plea "voluntarily." ***See*** Guilty Plea Colloquy, 9/22/20, at 1-4.

Appellant asserts "what was told to [him] about his rights with respect to a motion to withdraw his guilty pleas was less than ideal." Appellant's Brief at 9. Appellant does not cite any legal authority for his supposition that the lack of guidance regarding withdrawal of his plea renders it unknowing, unintelligent or involuntary. The trial court cautioned Appellant, "what you do here today, Mr. Gibision, is pretty much final." N.T., 9/22/20 at 17. The trial court also reminded Appellant it was prepared to begin jury selection and start trial that day and/or place Appellant on a list for a bench trial. ***Id.*** at 10, 14-17. The record contains no support for Appellant's claim that he was led to believe he could withdraw his plea if he changed his mind.

We further observe that in the five months prior to sentencing, Appellant at no point sought to withdraw his plea. Appellant waited until ten months after tendering his plea (and ten days after sentencing) to claim an unknowing, unintelligent and involuntary guilty plea.

Upon review, we discern no error by the trial court refusing to allow Appellant to withdraw his guilty plea. **See Morrison**, 878 A.2d at 107; **McCauley**, 797 A.2d at 922; **see also Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation omitted) ("The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2022