J-S25027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DUPREE BENTLEY :
:
Appellant : No. 21 EDA 2023

Appeal from the Judgment of Sentence Entered July 15, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0001567-2021

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 16, 2023**

Dupree Bentley (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count each of robbery, attempted robbery of a motor vehicle, and persons not to possess a firearm.[1]  We affirm.

The trial court summarized the following case history:

[Appellant] admitted as part of [his] open plea that on January 22, 2021, while in the Norristown, Montgomery County, home of Austin Lindsey, he pointed a firearm at Lindsey and stole Lindsey's cell phone and Xbox gaming system.  (N.T., 4/12/22, pp. 18-19). [Appellant] asked where Lindsey's wallet and credit cards were[,] and Lindsey responded that they were in Lindsey's vehicle.  *Id.* at 19.  [Appellant] left the residence, driving off in Lindsey's vehicle, and eventually led police on a chase through Bridgeport and Conshohocken.  *Id.*  He crashed the vehicle while driving on 1-76, ran from the vehicle into traffic[,] and forcibly attempted to take control of another vehicle on the highway before being apprehended.  *Id.*

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 901(a), and 6105(a)(1).

[The trial] court subsequently sentenced [Appellant] to 6 - 12 years in prison for robbery, a consecutive 3 - 6 years in prison for the firearms offense[,] and a concurrent 2 - 4 years in prison for the attempted robbery of a motor vehicle. [Appellant,] through plea counsel, filed a timely post-sentence motion requesting that the sentence imposed for the firearms offense be set to run concurrently rather than consecutively. [The trial] court denied the motion on November 17, 2022.

Trial Court Opinion, 3/15/23, at 1-2 (footnotes omitted).

Appellant timely appealed. After a brief delay caused by a change of counsel, Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for review:

Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowingly and voluntarily entered because [Appellant] was informed at the time of his plea that the court would apply a sentencing guideline range of 40 - 60 months +/- 12 [months] for count 1: robbery, when, in fact, at sentencing the court applied a deadly weapon[s enhancement] range of 66 - 70 months +/- 12 [months] for count 1: robbery?

Appellant's Brief at 3 (capitalization altered).

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). The term discretion,

imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law[,] and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable

or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted).

There are different standards for reviewing requests to withdraw a guilty plea before and after sentencing. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002). Pre-sentence, the trial court administers its discretion liberally in favor of the accused, and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015).

In contrast,

post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (citations omitted). We presume when a defendant has entered a guilty plea, he was aware of what he was doing; it is his burden to prove the plea was involuntary. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). Where the record demonstrates the trial court conducted a guilty plea colloquy

and the defendant understood the nature of the charges against him, the plea is voluntary. ***See id.***

A valid plea colloquy examines:

1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (citation omitted).

Here, the record reflects that Appellant waived his claim that his plea was not voluntary. We have explained:

[T]o preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise [ ] the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002). ***See*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468–69 (Pa. Super. 2017).

The transcript of the sentencing hearing reveals Appellant did not seek to withdraw or otherwise challenge his guilty plea. ***See*** N.T., 7/15/22, at 1-26. Appellant subsequently filed a post-sentence motion, but did not seek to withdraw his guilty plea; he requested only that the trial court reconsider his sentence. ***See*** Motion to Reconsider Sentence, 7/20/22, at 1-2 (unnumbered). Appellant first claimed his plea was involuntary in his Rule

1925(b) statement. *See* Concise Statement of Errors Complained of on Appeal, 3/8/23, at 1 (unnumbered).

Appellant argues his plea was unknowing and involuntary because he was not "informed at the time of his plea that the court would apply … a deadly weapon [enhancement]." Appellant's Brief at 4. Because Appellant first raised this claim in his Rule 1925(b) statement, it is waived. *See Monjaras-Amaya*, 163 A.3d at 468-69; *see also Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea … must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." (citations omitted)); *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in a Rule 1925(b) statement are waived); Pa.R.A.P. 302(a); Pa.R.Crim.P. 720(B)(1)(a)(i).

In the absence of waiver, the claim would not merit relief. Appellant's oral and written colloquies met the standards set forth in *Morrison*. *See* N.T., 4/12/22, at 3-20; Written Guilty Plea Colloquy, 4/11/22, at 1-10; *see also Morrison*, 878 A.2d at 107.

At sentencing, the trial court addressed the application of the deadly weapon enhancement, stating that it was "based upon the facts that were established by the factual basis of the plea, that a firearm was used[.]" N.T., 7/15/22, at 14. Appellant did not object. *Id.* at 15. Also, in his post-sentence

motion, Appellant conceded "the parties agreed that the applicable guidelines range for sentencing" included the deadly weapon enhancement. Motion to Reconsider Sentence, 7/20/22, at 2 (unnumbered).

The sentencing court "has no discretion to refuse to apply the deadly weapon enhancement when it is appropriate." *Commonwealth v. Solomon*, 151 A.3d 672, 677 (Pa. Super. 2016) (citation omitted). In *Commonwealth v. Septak*, 518 A.2d 1284 (Pa. Super. 1986), the trial court refused to apply the deadly weapon enhancement after finding that the Commonwealth had failed to adequately notify the defendant of its application. *Id.* at 1286-87. This Court found that the trial court erred. We stated:

> We know of no case law that requires that a defendant be advised of the specific Sentencing Guidelines which are applicable to his case prior to the court's acceptance of his guilty plea nor is such notice specifically required by statute.

*Id.* at 1287. *See also Commonwealth v. Pokorny*, 520 A.2d 511, 512 (Pa. Super. 1987) (vacating and remanding for resentencing where the trial court refused to apply the deadly weapon enhancement based on the Commonwealth's failure during the plea colloquy to state it was seeking the enhancement).

Recently, in *Commonwealth v . Midgley*, 289 A.3d 1111 (Pa. Super. 2023), the appellant claimed his plea was unknowing and involuntary because counsel failed to inform him that the sentencing court would apply the deadly weapon enhancement. *Midgley*, 289 A.3d at 1118. We rejected appellant's claim, observing that he had

demonstrated his understanding during the plea colloquy that there was no agreement as to sentencing and that his maximum total sentencing exposure was nine years. Because the court imposed an aggregate sentence of four and a half to nine years, we cannot say that his plea was unknowing or involuntary.

*Id.* at 1120.

Similarly, the record in this case, including Appellant's responses in his written and oral plea colloquies, establishes Appellant's understanding of the nature and consequences of his guilty plea. For example, Appellant acknowledged he faced a possible maximum sentence of 60 years in prison. N.T., 4/12/22, at 6; *see also* Written Guilty Plea Colloquy, 4/11/22, at 4; Addendum to Guilty Plea Colloquy, 4/22/22, at 10. Appellant also confirmed that there was no agreement regarding his sentence, which would be determined by the trial court. *Id.* at 15. Under these circumstances, Appellant cannot show that his plea was involuntary. *Midgley*, *supra* at 1120; *see also Septak*, *supra* at 1286-87. In the absence of waiver, Appellant would not be entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2023

- 7 -