J-A14014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN P. MONTGOMERY | : | |
| | : | |
| Appellant | : | No. 268 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002448-2020

BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　　**FILED JULY 12, 2024**

Stephen P. Montgomery appeals, *nunc pro tunc*, from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after he entered an open guilty plea to one count each of involuntary deviate sexual intercourse with a child[1] and unlawful contact with a minor.[2]  We affirm.

The underlying facts of this matter were recited at the guilty plea hearing by counsel for the Commonwealth as follows:

Had this matter proceeded to trial, the Commonwealth would[ have] called the minor child, [T.S.], who would[ have] testified that between the beginning of 2016 and July of 2019 in the city and county of Philadelphia, [Montgomery] sexually abused her [] beginning when she was 12 and ending in 2019 when she was 15;

_____

[1] 18 Pa.C.S.A. § 3123(b).  Due to a clerical error, Montgomery initially pled guilty under subsection 3123(c).  At the sentencing hearing, counsel for the Commonwealth corrected the record, pointing out that the plea should have been to a violation of section 3123(b).

[2] *Id.* at § 6318(a)(1).

that among other acts, [Montgomery] forced her to perform oral sex on him[,] placing his penis inside her mouth; that he made unlawful contact with her on more than one occasion[,] ordering her to remove her clothes, moan for him[,] and otherwise directing her to engage in sexual contact with him in violation of Chapter 31.

N.T. Guilty Plea Hearing, 6/16/21, at 6-7. When asked if he wished to disagree with any of the facts recited by counsel, Montgomery responded "[n]o, sir." *Id.* at 7.

On December 13, 2021, the trial court sentenced Montgomery to two concurrent terms of 15 to 30 years' incarceration, followed by two concurrent three-year terms of probation. *See* Order of Sentence, 12/13/21. The court also notified Montgomery of his obligation to register as a Tier III offender under the Sex Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S.A. §§ 9799.14(d), 9799.15(a)(3). That same day, the Commonwealth filed a motion for reconsideration, noting that the sentence imposed for unlawful contact with a minor was illegal, as it exceeded the statutory maximum of 20 years. On December 17, 2021, the trial court issued a corrected sentencing order, imposing two consecutive terms of 7½ to 15 years' incarceration. *See* Corrected Order of Sentence, 12/17/21. The probationary tail remained the same. *See id.* Montgomery did not file post-sentence motions or a direct appeal.

On May 12, 2022, Montgomery filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in which he requested reinstatement of his appellate rights. On January 18, 2023, the PCRA court

granted relief and reinstated Montgomery's direct appeal rights, *nunc pro tunc*. Montgomery filed the instant *nunc pro tunc* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claims for our review:

> 1. Did the [trial] court abuse its discretion and violate the Sentencing Code by sentencing [Montgomery] to a manifestly excessive sentence of 15 to 30 years of incarceration, followed by 3 years of probation, where this sentence far surpassed what was required to protect the public and [failed to take into] account [Montgomery's] demonstration of remorse, his rehabilitative needs, mitigating circumstances, and the sentencing guidelines?
>
> 2. Did the [trial] court commit fundamental error by accepting an involuntary, unknowing guilty plea, and sentencing [Montgomery] thereupon?

Brief of Appellant, at 4.

Montgomery's first claim raises a challenge to the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. ***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Swope***, 123 A.3d at 337.

Here, Montgomery failed to preserve his challenge to the discretionary aspects of his sentence by raising the issue either at sentencing or in a motion to reconsider his sentence. Moreover, the PCRA court only reinstated Montgomery's appeal rights, not his post-sentence rights. *See Commonwealth v. Liston*, 977 A.2d 1089 (Pa. 2008). Accordingly, he has waived this claim. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (defendant waives challenge to discretionary aspects of sentence if he does not preserve them at sentencing hearing or in post-sentence motions).

Montgomery has also waived his challenge to the voluntariness of his plea. "Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted). *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, Montgomery did not raise any objections to the voluntariness of his plea during the plea colloquy, at sentencing, or in a post-sentence motion.[3] Accordingly, the claim is waived. **Lincoln**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/12/2024

---

[3] Moreover, while "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order," **Monjaras-Amaya**, 163 A.3d at 469, we note that Montgomery did not include a claim challenging the validity of his plea in his Rule 1925(b) statement.