J-S46011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GABRIEL STEVEN BONISH :
:
Appellant : No. 72 WDA 2024

Appeal from the Judgment of Sentence Entered December 15, 2023
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000815-2022

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: May 1, 2025**

Gabriel Steven Bonish appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Crawford County, following his conviction of two counts of aggravated indecent assault.[1] After our review, we affirm.

On March 29, 2022, Bonish was charged with various offenses, including rape of a child. Following a preliminary hearing on October 12, 2022, at which the child victim testified, all charges were bound over to the court of common of common pleas. On January 5, 2023, the court appointed Edward J. Hatheway, Esquire, to represent Bonish. Prior to trial, Bonish sought to

---

[1] 18 Pa.C.S.A. § 3125(b).

represent himself and, following a *Grazier* hearing,[2] waived his right to counsel. The court appointed Attorney Hatheway as standby counsel. *See* Order, 9/8/23.

On September 13, 2023, Bonish, acting *pro se*, entered into a negotiated plea agreement. The agreement included an agreed-upon sentence of 8 to 18 years' incarceration followed by a consecutive two-year probationary period in exchange for Bonish's no contest plea to two counts of aggravated indecent assault, graded as felonies of the first degree.[3] On December 15, 2023, the court sentenced Bonish accordingly. Bonish filed a timely *pro se*

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[3] 18 Pa.C.S.A. § 3125(c)(1). A *nolle prosequi* was entered as to counts 1 through 5 ( rape), 8 through 10 (aggravated indecent assault), 11 through 16 (indecent assault), 17 (unlawful contact with minor), 18 (corruption of minors), and 19 (endangering welfare of children).

The plea agreement stated in part: "Defendant and Commonwealth agree to an 8-year to 18-year aggregate sentence to be followed by two years' probation. Defendant stipulates that a plea withdrawal would prejudice the Commonwealth and [he] cannot withdraw his plea." *See* N.T. Pretrial Conference/Plea, 9/13/23, at 8.

> PROSECUTOR: Well, in order for this to be an appropriate colloquy, we need the answer to that question. Do you understand that by entering this plea, you are agreeing that you cannot withdraw your plea. Because there is a stipulation that a plea withdrawal would prejudice the Commonwealth.
>
> MR. BONISH: I said yes.

*Id.* at 14-15.

appeal.  ***See*** Notice of Appeal, 1/3/24.  Both Bonish and the trial court have complied with Pa.R.A.P. 1925.  Bonish raises five issues on appeal:

1. Did the trial court err or abuse its discretion in denying Bonish a continuance for purposes of preparing for trial?

2. Whether the trial court violated Bonish's Sixth Amendment right when he entered a *pro se* plea?

3. Whether the trial court violated Bonish's Sixth Amendment right to "make his own defense" when he entered a *pro se* plea?

4. Did the trial court err or abuse its discretion regarding discovery?

5. Whether Bonish entered a knowing, voluntary, and intelligent plea?

Appellant's Brief, at 1 (cleaned up).

For ease of disposition, we address Bonish's fifth claim first.[4]  Bonish argues that he was given a "Hobson's Choice" of either going to trial unprepared or accepting a plea, which the trial court characterized as in Bonish's best interest.  Bonish's argument, however, is belied by the record.

Bonish executed an 11-page written guilty plea colloquy.  ***See*** Written Guilty Plea Colloquy, 9/13/23.  The trial court conducted an on-the-record colloquy as well.  ***See*** N.T. Pretrial Conference/Plea, 9/13/23.  Bonish testified that no one had forced him to enter a plea or threatened him, and that he was

---

[4] We note that this issue is argued in Bonish's Reply Brief, not his primary brief.  ***See*** Appellant's Reply Brief, at 9-10.

entering the plea of his own free will. ***See id.*** at 29-30.[5] ***See also*** Written Plea Colloquy (Question: Has anybody forced you, threatened you, promised you anything or coerced you directly or indirectly to enter this plea of guilty? No. Question: Are you doing this of your own free will? Yes. Question: Are you under the influence of something right now? No.).

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing, and [h]e bears the burden of proving otherwise. . . . A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (quotations and citations omitted). On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

After our review, the record reflects a thorough guilty plea colloquy and explanation of the negotiated sentence. We conclude, therefore, that Bonish entered a knowing, voluntary, and intelligent plea.

With respect to Bonish's first four issues, we find each of them waived. Pennsylvania law makes clear that by entering a negotiated plea, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of sentence and validity of the plea. ***See Commonwealth***

---

[5] We note that, in its Rule 1925(a) opinion, the trial court mistakenly dates the notes of testimony as 12/13/23 instead of 9/13/23.

*v. MonjarasAmaya*, 163 A.3d 466, 468 (Pa. Super. 2017). ***See also***

***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (observing

that "by entering a guilty plea, the defendant waives his right to challenge on

direct appeal all non-jurisdictional defects except the legality of the sentence

and the validity of the plea.") (citation omitted). Accordingly, Bonish is not

entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/1/2025