J-S31034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HOPOLITO DAIZ :
:
Appellant : No. 2803 EDA 2024

Appeal from the Judgment of Sentence Entered September 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001386-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 19, 2025**

Appellant Hopolito Daiz[1] appeals from the judgment of sentence
imposed after he pled guilty to manufacture, delivery, or possession with
intent to manufacture or deliver a controlled substance (PWID).[2] On appeal,
Appellant challenges the validity of his guilty plea. After review, we affirm.

The trial court set forth the facts of the case as follows:

On Tuesday May 18, 2021[,] at approximately 5:20 p.m.,
[Appellant] was observed on the 3000 block of North 4th Street

_____

[1] During his plea hearing, Appellant asked the trial court to refer to him as
"Hopolito Barranco." **See** N.T., 9/16/24, at 8-10. In a prior case, this Court
noted that there was some confusion regarding Appellant's name because,
throughout that case's record, he was referred to by using the last names
"Daiz," "Barranco," "Derranco," and "Diaz." **See Commonwealth v. Daiz**,
881 EDA 2022, 2023 WL 6804615, at *1 n.1 (Pa. Super. filed Oct. 16, 2023)
(unpublished mem.). Since Appellant has not sought to amend the caption
and refers to himself as "Mr. Daiz" throughout his brief, we will continue to
use the last name "Daiz," as it appears in the current caption.

[2] 35 P.S. § 780-113(a)(30).

in the City and County of Philadelphia. [Appellant] was seen engaging in two hand-to-hand transactions where he exchanged United States currency for small objects. One of those buyers was stopped and recovered from that buyer was one Ziploc packet containing a mixture of heroin, fentanyl, Para-fluor fentanyl and Tramadol. As a result of these observations, [Appellant] was stopped and recovered from his person were four orange flip-top containers containing cocaine base and three Ziploc packets with the stamp "Dead Pool" containing the same four narcotics as the buyer. Also recovered from [Appellant] was one hundred and forty-four dollars ($144.00). All narcotics recovered were sent to the chemistry lab where they tested positive for the narcotics previously mentioned.

Trial Ct. Op., 3/12/25, at 1-2 (citations omitted and some formatting changed).

On September 16, 2024, pursuant to a negotiated guilty plea agreement, Appellant pled guilty to PWID and was sentenced to two to four years' incarceration, which was imposed concurrent to a sentence he was serving on another case.[3] Appellant did not file a post-sentence motion.

On October 15, 2024, Appellant filed a *pro se* notice of appeal.[4] Plea counsel then filed a motion to withdraw as counsel, which the trial court granted on November 14, 2024. The trial court appointed appellate counsel,

_____

[3] *See Daiz*, 2023 WL 6804615.

[4] While Appellant was represented by counsel at this time, a *pro se* notice of appeal does not violate the bar on hybrid representation. *See Commonwealth v. Williams*, 151 A.3d 621, 623-24 (Pa. Super. 2016).

who filed a Rule 1925(b) statement.[5]  The trial court, thereafter, filed an opinion pursuant to Rule 1925(a).

Appellant presents the following issue for our review:

Whether the trial court erred in accepting [Appellant's] negotiated guilty plea as knowing, voluntary, and supported by a factual basis, where [Appellant] subsequently asserted that the Commonwealth's recitation of facts—particularly the claim that he possessed cocaine base—was materially inaccurate and did not reflect his actual conduct?

Appellant's Brief at 3.

_____

[5] The trial court ordered Appellant to file a Rule 1925(b) statement by November 20, 2024, which was twenty-one days after the order was entered on October 30, 2024.  **See** Rule 1925 Order, 10/30/24.  Due to the delay caused by plea counsel's withdrawal and appellate counsel's appointment, Appellant did not file a Rule 1925(b) statement until January 23, 2025.  **See** Statement of Errors, 1/23/25.  Generally, when a counseled defendant files an untimely statement of errors, we "may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the [trial] judge."  Pa.R.A.P. 1925(c)(3).  However, where as here, the trial court filed an opinion addressing the merits of the issues raised in the untimely Rule 1925(b) statement, we need not remand to the trial court.  **See Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016).

Further, we have declined to find waiver in scenarios where the untimely filing was the result of a delay in appointing appellate counsel.  **See Commonwealth v. Ramos**, 34 EDA 2022, 2023 WL 3003784, at *1 n.3 (Pa. Super. filed Apr. 19, 2023)(unpublished mem.).  **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).  Accordingly, we do not find Appellant's issues waived for failing to raise them in a timely Rule 1925(b) statement.  **See Brown**, 145 A.3d at 186; **Ramos**, 2023 WL 3003784, at *1 n.3.

Before considering the merits of Appellant's claim, we must first address whether Appellant has waived his challenge to the validity of his guilty plea by failing to preserve it before the trial court.

Generally, "[i]n order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations omitted and formatting altered).

Pennsylvania Rule of Criminal Procedure 720 requires that a defendant file a post-sentence motion within ten days of sentencing and specify the grounds for relief. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). The failure to raise an objection that allows the trial court to correct an error at the first opportunity results in waiver. ***See Monjaras-Amaya***, 163 A.3d at 469 (concluding that the appellant waived a challenge to his guilty plea when he raised his claim for the first time in a Rule 1925(b) statement). However, this waiver is only effective if the court informs the defendant of his right to file a post-verdict motion or motion to withdraw the plea. ***See Commonwealth v. Cavanuagh***, 456 A.2d 145, 147 (Pa. 1983); ***see also*** Pa.R.Crim.P. 704(C)(3) (stating that at sentencing a trial judge must determine on the record that a defendant has been notified of, inter alia, his "right to file a post-sentence motion and . . . the time within which the defendant must exercise [that] right[]").

- 4 -

Additionally, we note that "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted). A written colloquy may also serve as the basis for a defendant's notice of his rights. *See Commonwealth v. Torres*, 223 A.3d 715, 717 (Pa. Super. 2019) (stating that a defendant's untimely post-sentence motion was not excused where the trial court failed to advise him of his appellate and post-sentence motion rights because the written colloquy notified him of such, and he confirmed that he read and understood the written colloquy). Further, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Here, Appellant failed to object to the factual basis at the time of the plea hearing. *See* N.T., 9/16/24, at 17-20. Additionally, Appellant was advised of his right to file a petition to withdraw his guilty plea within ten days of sentencing and the consequences of his failure to file. *id.* at 24-25; Written Guilty Plea Colloquy Form, 9/16/24, at 5 (advising Appellant that if he did not file a written post-sentence motion within ten days of sentencing any claim alleging his plea was involuntary would be waived on appeal); *see Reid*, 117 A.3d at 782; *Torres*, 223 A.3d at 717. Appellant signed the written guilty plea colloquy form confirming that he reviewed and understood the form and, at the hearing, again confirmed that he reviewed the form with counsel and

understood it "[c]ompletely."  **See** N.T., 9/16/24, at 11-12; Written Guilty Plea Colloquy Form, 9/16/24, at 5-6; **see also Jabbie**, 200 A.3d at 506. Nonetheless, as stated above, Appellant failed to file a post-sentence motion.[6] Since Appellant failed to raise his claim properly in the trial court, his claim is waived on appeal.  **See Monjaras-Amaya**, 163 A.3d at 468-69.  Accordingly, we affirm Appellant's judgment of sentence.  **See id.** at 470.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2025

---

[6] We also note that, at the plea hearing, Appellant confirmed that he did not wish to file a post-sentence motion.  **See** N.T., 9/16/24, at 24-25.