J-A08044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN EVERETT | : | |
| Appellant | : | No. 898 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008898-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN EVERETT | : | |
| Appellant | : | No. 899 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008899-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN EVERETT | : | |
| Appellant | : | No. 900 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008900-2019

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED OCTOBER 14, 2025**

Steven Everett ("Everett") appeals *nunc pro tunc* from the judgments of sentence imposed after he entered negotiated guilty pleas to trafficking in minors, involuntary servitude, conspiracy, and involuntary deviate sexual intercourse ("IDSI") in the above captioned cases.[1]  Because Everett raises waived claims concerning his guilty pleas and alleged violations of Pa.R.Crim.P. 600, and an unreviewable challenge to the discretionary aspects of his sentences, we conclude there are no issues properly before this Court and affirm the judgments of sentence.

We briefly summarize the factual and procedural history relevant to our disposition of this appeal.  In October 2019, Everett was arrested and charged in two complaints for, *inter alia*, trafficking minor victims C.P. and M.K., respectively.  **See** Criminal Compls., CR-8898-2019 & CR-8899-2019, 10/22/19.  The following month, the Commonwealth filed a third complaint with respect to minor victim M.S.  **See** Criminal Compl., CR-8900-2019, 11/7/19.  The trial court appointed W. Chris Montoya, Esquire ("plea counsel") to represent Everett.

Everett and the Commonwealth negotiated plea agreements in the three cases.  As to C.P. and M.K., Everett agreed to plead guilty to counts of trafficking in minors and involuntary servitude, as well as amended counts of conspiracy.  **See** N.T., 12/13/21, at 5-6.  As to M.S., Everett agreed to plead

_____

[1] **See** 18 Pa.C.S.A. §§ 3011(b), 3012(a), 903, 3123(a)(7).

guilty to IDSI and amended counts of trafficking in minors and conspiracy. *See id*. at 6. The agreements recommended an aggregate sentence of twelve to twenty-four years of imprisonment, three years of sex offender's probation, and lifetime registration. *See* Written Guilty Plea Colloquy, CR-8898-2019, CR-8899-2019 & CR-8900-2019, 12/13/21, at 3.

Everett offered his guilty pleas following an on-the-record colloquy. *See* N.T., 12/13/21, at 17. The trial court deferred the matters for sentencing. In March 2022, the trial court sentenced Everett and stated it was imposing the agreed-upon sentences. *See* N.T., 3/10/22, at 22 (indicating the trial court would "honor the terms of the negotiations" in this case).[2] Everett did not move to withdraw his guilty pleas at the sentencing hearing, nor did he file a post-sentence motion.

Everett timely filed Post Conviction Relief Act ("PCRA") petitions,[3] and the PCRA court appointed Lawrence J. O'Connor, Esquire ("present counsel"), who filed amended petitions. In February 2024, the PCRA court reinstated Everett's rights to file post-sentence motions and direct appeals.[4] Everett did

_____

[2] The trial court separately sentenced Everett to consecutive terms of imprisonment for violations of probation ("VOP"). The VOP sentences are not issue in these appeals. At the conclusion of the sentencing hearing, Everett requested plea counsel to file post-sentence motions. *See* N.T., 3/10/22, at 30-31.

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

[4] Copies of the orders reinstating Everett's rights are not contained in the records. However, the orders are listed in the dockets.

not file post-sentence motions *nunc pro tunc* but timely filed notices of appeal from the February 2024 order.[5]  Everett complied with the trial court's orders to submit a Pa.R.A.P. 1925(b) statement, and the court filed responsive opinions.[6]

Everett raises the following issues for review:

1. Whether [Everett's] guilty plea was entered knowingly, intelligently, and voluntarily.

2. Whether [Everett's] constitutional right to a speedy trial was violated by the pretrial delay of more than two years[.]

3. Whether the sentencing court abused it[s] discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of [Everett's] record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S.[A. §] 9721 . . ..

Everett's Br. at 8.

In his first issue, Everett contends he did not knowingly, intelligently, or voluntarily enter his guilty pleas.  Before addressing the merits of this issue, we note that to preserve an issue related to a guilty plea in a direct appeal, "an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468-69 (Pa. Super. 2017) (internal citation, quotation marks, and brackets omitted).  In the

_____

[5] This Court consolidated these appeals *sua sponte* by an order filed in May 2024.

[6] The trial court's orders allowed for the filing of the Pa.R.A.P. 1925(b) statements within thirty days, and Everett filed his Rule 1925(b) statements twenty-seven days after the filing of those orders.

present case, Everett did not preserve an objection to his guilty pleas at sentencing and did not file a post-sentence motion. Additionally, although the PCRA court reinstated Everett's right to file post-sentence motions *nunc pro tunc*, present counsel did not file a motion seeking to withdraw Everett's guilty pleas. Therefore, Everett has not preserved a challenge to the validity of his guilty pleas, and we will not consider this issue. ***See id***.

In his second issue, Everett claims the Commonwealth violated Pa.R.Crim.P. 600. Preliminarily, we consider whether this claim is properly before this Court. As a general rule, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." ***Commonwealth v. Speed***, 323 A.3d 850, 853-54 (Pa. Super. 2024) (internal citation and quotation marks omitted). A defendant may preserve a Rule 600 issue for appeal if he raised the issue prior to entering a guilty plea and specifically reserved the right to seek appellate review of that issue as part of a plea agreement. ***See id***. at 854. In the present case, however, Everett did not seek dismissal of the charges based on Rule 600 before entering his pleas. Everett initialed and signed written guilty plea colloquy forms that expressly stated, "If I plead guilty, I also give up speedy trial rights and my right under Rule 600 to be tried within 365 days of the filing of the complaint." Written Guilty Plea Colloquy, CR-8898-2019, CR-8899-2019 & CR-8900-2019, 12/13/21, at 5. Nothing in the record demonstrates Everett attempted to preserve a Rule 600 issue for appeal as

part of his plea agreements. Under these circumstances, we conclude Everett's guilty pleas waived his right to raise Rule 600 issues in these direct appeals. *See Commonwealth v. Adams*, 327 A.3d 667, 670 (Pa. Super. 2024).

In his final issue, Everett seeks to challenge the discretionary aspects of his sentences. However, Everett did not preserve this claim by objecting at the sentencing hearing, filing a post-sentence motion, or filing a post-sentence motion *nunc pro tunc*. *See Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa. Super. 2006). Additionally, Everett disregards the facts that he negotiated the sentences recommended in each case and that the trial court honored the terms of the plea agreement. *See* N.T., 3/10/22, at 22. "Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991); *see also Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (concluding a challenge to a negotiated sentence was waived where the appellant did not challenge the validity of the plea proceedings or move to withdraw his plea). Accordingly, we will not address this waived and otherwise improper claim that the trial court abused its discretion when imposing sentences pursuant to the plea agreements. *See Morrison*, 173 A.3d at 290; *Evans*, 901 A.2d at 534; *Reichle*, 589 A.2d at 1141.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/14/2025</u>