J-S10008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :
              v.                                   :
                                            :
PAUL MCANDREW GRAHAM          :
                                            :
           Appellant                     :      No. 1187 MDA 2025
                                            :

Appeal from the Judgment of Sentence Entered July 29, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001078-2025

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:           **FILED: MARCH 30, 2026**

Appellant, Paul McAndrew Graham, appeals from the July 29, 2025 judgment of sentence entered in the Dauphin County Court of Common Pleas following his negotiated plea of *nolo contendere* to one count of Communications with 911 Systems.[1] Appointed counsel, Spencer H.C. Bradley, Esquire, seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The relevant facts and procedural history are as follows. On July 29, 2025, after a thorough and complete colloquy the trial court accepted Appellant's negotiated plea to the above charge and sentenced him to the agreed-upon sentence of time served—which amounted to 5 days and 10

---

[1] 35 Pa.C.S § 5310(a).

months to 12 months of incarceration. The court released Appellant immediately from custody to serve 12 months of unsupervised probation. Appellant did not file a post-sentence motion.

This timely appeal followed. Appointed counsel thereafter filed a statement pursuant to Pa.R.A.P. 1925(c)(4), informing the court of his intention to file an **Anders** brief. The trial court did not issue a responsive opinion.

In this Court, counsel has filed an **Anders** brief, indicating that Appellant wishes to challenge the validity of his plea of *nolo contendere* and the legality and discretionary aspects of his sentence.[2] In addition, counsel has filed an application to withdraw as counsel.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[2] Appellant filed a one-page, handwritten, incomprehensible response to counsel's **Anders** brief.

- 2 -

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the **Anders** brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted); **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

Appellant first seeks to assert that his plea of *nolo contendere* is invalid and he should be permitted to withdraw it. **Anders** Br. at 8-11. However, Appellant failed to preserve this claim for our review.

It is well-settled that when a defendant enters a guilty plea, he "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa. Super. 2019) (citation omitted). Moreover, to preserve a challenge to the validity of the guilty plea, an appellant must either object during the plea colloquy, at the sentencing hearing, or through post-sentence motions. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017). Failure to do so results in waiver. *Id.* at 469; *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, Appellant did not preserve a challenge to the validity of his *nolo contendere* plea because he failed to raise such a challenge at his plea colloquy, sentencing, or in a post-sentence motion. He, thus, waived this challenge.

Since Appellant waived this issue, we agree with counsel that it is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

Counsel has also indicated that Appellant wishes to challenge both the legality and discretionary aspects of his sentence. *Anders* Br. at 11-12.

As noted above, Appellant entered a plea of *nolo contendere* to one count of Communications with 911 Systems, a second-degree misdemeanor. 35 Pa.C.S. § 5310(a). The maximum sentence for the conviction of this offense is two years of incarceration. 18 Pa.C.S. § 1104(2). Appellant's sentence of time served to 12 months of incarceration is, thus, a legal sentence and the claim that the court imposed an illegal sentence is frivolous.

Appellant also seeks to challenge the discretionary aspects of his sentence. However, having entered a negotiated *nolo contendere* plea, Appellant forfeited his right to challenge the discretionary aspects of his sentence. ***See Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (where "a plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence") (citation omitted).

Following our review of the issues raised in counsel's ***Anders*** Brief, we agree with counsel and conclude that this appeal is wholly frivolous.[3] Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

---

[3] In addition, because Appellant's response to the ***Anders*** brief was indecipherable, we conclude that he failed to present any issues of merit in it.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/30/2026